## Walter H. Smith v. J. H. Bell, Adm'r, etc., and the County of Livingston.

1. DECREES—*Form of, When Bill is Without Equity.*—The language of the decree in this case, that the court doth "find that there are no equities in the said petition, and that the said demurrer should be sus-

tained and said petition dismissed for want of equity," is that usually employed where a demurrer is sustained to a bill or petition which presents no equitable ground for relief, and is not subject to objection on the ground that it is conclusive of all equitable rights between the parties growing out of the same contract.

2. MECHANICS' LIENS—*Form of Petition Under Sec. 24 of the Act of 1895.*—It is not necessary that a petition claiming a mechanic's lien under Sec. 24 of the Mechanic's Lien Act of 1895, should set out in detail the contract between the municipality and the original contractor; an allegation of the existence of the contract is sufficient.

3. SAME—*When Lien is Claimed Under Sec. 24, Notice Need Not be Filed with the Circuit Clerk.*—It is not necessary to the validity of a mechanic's lien, under Sec. 24 of the Mechanic's Lien Act of 1895, that a notice of lien be filed in the office of the clerk of the Circuit Court, as required by Sec. 39 of the act. That requirement applies only where a lien is sought against real estate, and has no reference to Sec. 24.

4. SAME—*The Law is Remedial and Subject to Legislative Control as to Past Contracts.*—Remedies which the law affords to enforce contracts constitute no part of the contracts themselves, and are subject to such changes as the legislature may prescribe. And a lien given by statute to mechanics and material men is but a cumulative remedy to enforce their contracts, and is as much within legislative control as any other remedy afforded by law.

5. CONSTRUCTION—*Of Act, by Legislature, is Binding on the Courts.*— Where the law-making power places a construction upon an act, the courts must adopt such construction unless it contravenes the Constitution or some settled rule of public policy.

Mechanic's Lien. — Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded, with directions. Opinion filed June 26, 1897.

TORRANCE & TORRANCE, attorneys for appellant.

It is always permissible for the legislature to change the law of remedy, and where a new remedy is given, it is enforcible from the taking effect of the law. Further, where the legislature declares the law to be a remedial one, the courts must give it such a construction. This was done by the statute under review. See act to revise the law in relation to mechanics' liens, Laws 1895.

Remedial statutes are always so constructed as to advance the remedy. McNulta v. Lockridge, 137 Ill. 270.

And they should be liberally construed in order to avoid

the evils to be remedied.  Conkling v. Ridgely, 112 Ill. 36; People v. Wabash R. R. 104 Ill. 476; Ball v. Chadwick, 46 Ill. 28; Bowles v. Keator et al., 47 Ill. App. 98.

It is evident the object of the legislature, by section 24 of this act, was to provide a remedy that would enable subcontractors to enforce payment by the original contractor for the amount due them by giving a lien on whatever money, warrants or bonds public corporations might have in their control due to the original contractor.  It created no liability against such corporations or officers, but simply required them to deliver money, bonds and warrants to the sub-contractor, if any held by them and due the original contractor from them under his contract.  This being the object of the statute, courts should adopt such a liberal construction as will advance the remedy, not cripple it. Jackson v. Warren, 32 Ill. 331; R. R. I. & St. L. R. v. Heflin, 65 Ill. 366.

And the remedy should not be restricted by construction. Honore v. Wilshire, 109 Ill. 103.

Stephen R. Moore, attorney for appellee J. H. Bell, administrator.

C. C. Strawn, attorney for appellee Livingston County.

The general rule is, that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts rights of action or suits—and especially vested rights—unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases, unless there is something in the very nature of the case, or in the language of the new provision, which shows that they were intended to have a retroactive operation.  And although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein.  Wood v. Oakley, 11 Paige, 403; Butler v. Palmer, 1 Hill, 325; Johnson v. Burrell, 2 Hill, 238; Dash v. VanKleeck, 7 John. 499; Berley v.

Rampacher, 5 Duer, 183; Calkins v. Calkins, 3 Barb. 306; Sackett v. Andross, 5 Hill, 334; Vedder v. Alkenbrack, 6 Barb. 328; People v. Supervisors, etc., 10 Wend. 362; Van Rensselaer v. Livingston, 12 Id. 490; Warren M. Co. v. Ætna Ins. Co., 2 Paine's C. C. R. 517.

Mr. Presiding Justice Harker delivered the opinion of the Court.

Appellant filed a petition in the Circuit Court showing that on the 28th of July, 1894, he entered into a written contract with one William H. Hamilton, who had contracted with the county of Livingston for the erection of a county poor house; that the contract price with Hamilton for material, labor, etc., was $11,500, to be paid on the completion of the contract; that he had complied with the contract, and in addition thereto, at the request of Hamilton, had furnished other material and labor to amount of $2,753.59; that Hamilton had paid him only $9,573.28; that the county of Livingston had money and warrants due Hamilton on his contract, yet undelivered, and that he had served a written notice of his claim of a lien thereon on the county officials having in charge the construction of the building. The petition prayed for an accounting between Hamilton and appellant, and that a lien be declared upon the money, bonds and warrants due Hamilton from the county for the satisfaction of his claims.

After the commencement of the suit Hamilton died, and J. H. Bell, administrator of his estate, was substituted as defendant.

The court sustained a demurrer to the petition and dismissed it for want of equity. From that decree appellant prosecutes this appeal.

We see no force in the contention that the decree is erroneous, because it is conclusive of all equitable rights between appellant and appellee growing out of the contract, when it should have found merely that the petition was defective. The language of the order, "the court" doth "find that there are no equities in the said petition, and

that the said demurrer should be sustained and said petition dismissed for want of equity," is that usually employed where a demurrer is sustained to a bill or petition which presents no equitable ground for relief. There is no valid objection to the form of the decree.

The claim of a right of lien on the money, bonds and warrants in possession of the county, due on the original contract between Hamilton and the county, is based upon section 24 of an act of 1895 to revise the law in relation to mechanics' liens, which reads as follows:

" Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement; provided such persons shall, before any payment or delivery thereof is made to such contractor, notify the officials of this State, county or township, city or municipality, whose duty it is to pay such contractor, of his claim by a written notice, and the full particulars thereof. It shall be the duty of officials so notified, to withhold a sufficient amount to pay such claim until it is admitted or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit in the contract to be paid to such contractor. Any officer violating the duty hereby imposed upon him shall be liable on his official bond to the person serving such notice for the damages resulting from such violation, which may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount due under their respective contracts."

It is contended in behalf of appellees that the petition should set out in detail the contract between the county of Livingston and Hamilton. That contention seems to be raised for the first time in this court, as it is not included in either one of the twenty-six causes for demurrer assigned in the Circuit Court, and that of itself is a sufficient reason

why it should not prevail here. We are of the opinion, however, that the setting out of such contract in detail was not necessary. The petition shows that at the time appellant entered into the contract with Hamilton, July 28, 1894, Hamilton had a contract with the county for the construction of the building. That was sufficient.

It was not necessary for the petition to show that a notice of lien had been filed in the office of the clerk of the Circuit Court, as required in Section 39 of the act. That requirement applies only when a lien is sought against real estate, and has no reference to Section 24, which is entirely new, and gives a lien to sub-contractors upon money, bonds and warrants due from a county, township or municipality to an original contractor for public improvements.

The most serious question in the controversy is raised by the contention that the petitioner is not entitled to the lien sought because the act giving it was not passed until 1895, while the contract between him and Hamilton was entered into nearly a year earlier. It is insisted that if the act be applied to this case then it affects the obligations of a prior contract. We do not entertain that view. An application of the act does not increase, diminish or affect the liability of any of the parties to the original contract, or the sub-contract between Hamilton and the petitioner. The act simply provides a remedy for sub-contractors upon public buildings which did not before exist.

Remedies which the statute furnishes to enforce contracts constitute no part of the contract. Remedies for enforcing contracts are within the control of the legislature, and where an act merely furnishes an additional one it can in no just sense be regarded as impairing the obligations of contracts. A lien given by statute to mechanics and material men is but a cumulative remedy to enforce their contracts, and is as much within legislative control as any other remedy afforded by law. Smith v. Bryan, 34 Ill. 364; Templeton v. Horne, 82 Ill. 491.

Again, the legislature, by the forty-first section of the act, declared that it is remedial, and should be construed as such.

Where the law-making power places a construction upon an act the courts must adopt it, unless such construction contravenes the Constitution or some settled rule of public policy.

The court erred in sustaining a demurrer to the petition and dismissing it for want of equity.

The decree will be reversed, with directions to the Circuit Court to overrule the demurrer.