## FITZ E. CULVER

*v.*

## FREDERICK M. ATWOOD *et al.*

*Opinion filed December 22, 1897.*

MECHANICS' LIENS—*act of 1895 cannot apply to prior contracts.* The Mechanic's Lien act of 1895 gives new remedies to parties furnishing labor or material to sub-contractors, and imposes new duties upon owners, and cannot be allowed to control contracts entered into before its passage without making it obnoxious to the constitutional provision concerning laws impairing the obligation of contracts. (*Andrews & Johnson Co.* v. *Atwood,* 167 Ill. 249, followed.)

· *Culver* v. *Atwood,* 67 Ill. App. 303, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

ARND & ARND, for appellant.

MARSTON, AUGUR & TUTTLE, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a proceeding brought, under the Mechanic's Lien law of 1895, to enforce a mechanic's lien in favor of a sub-sub-contractor and material-man, who furnished material to sub-contractors. The act of 1895 was passed June 26, 1895, and went into force on the same day. On May 27, 1895, Frederick M. Atwood, one of the appellees, being the lessee under a lease for a long term of years of a lot in Chicago, made a contract with the George A. Fuller Company, by which the latter agreed to erect a building on said lot for Atwood for the sum of $238,000.00. On June 10, 1895, the George A. Fuller Company made a written contract with the Charles H. Simmons Company, by which the latter agreed to furnish steam-heating and boilers for said building. It will be noticed, that the two

contracts thus made, one between the owner and contractor, and the other between the contractor and subcontractor, were entered into before the act of 1895 went into force.   Subsequently, and after the law had gone into force, to-wit: on September 22, 1895, the Charles H. Simmons Company applied to the appellant, Culver, a manufacturer of and dealer in grate-bars, to furnish grate-bars for the boilers in said building, which grate-bars were so furnished by October 28, 1895.   Shortly before that time, to-wit: on July 22, 1895, the Charles H. Simmons Company made a contract with the Andrews & Johnson Company for the ventilation and shafting required under its contract.

The Andrews & Johnson Company also filed a petition to enforce a claimed lien as sub-sub-contractors, and their suit was consolidated in the court below with the suit of the present appellant, Culver.   The suit of the Andrews & Johnson Company against the present appellees was disposed of by this court in the recent case of *Andrews & Johnson Co.* v. *Atwood*, 167 Ill. 249.   The facts and record in that case were the same as the facts and record in the present case, except that Culver furnished grate-bars for the boilers, and the Andrews & Johnson Company furnished the ventilation and shafting.

In *Andrews & Johnson Co.* v. *Atwood, supra,* it was held that the Mechanic's Lien law of 1895 gives new remedies to sub-sub-contractors, and imposes new obligations and duties upon owners, and affects their property rights; and that, therefore, it cannot be applied to contracts entered into before its passage, inasmuch as such application would make it obnoxious to the provisions of the constitution against impairing the obligations of contracts. The same question thus decided there is involved here, and the decision there must govern the decision of the present controversy.   Appellant is not entitled to a lien.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*