## Alba M. Jones et al. v. Tunis Young et al.

1. MECHANIC'S LIEN—*Application of the Law of 1895 to Contracts Previously Entered Into.*—The mechanic's lien law of 1895, (Hurd's Statutes, 1898, 1034,) does not apply to nor affect contracts entered into before the law went into effect (June 26, 1895).

2. SAME—*Act of 1895 Does Not Impair the Obligation of Contracts.* —The act to revise the law in relation to mechanic's liens, approved and in force June 26, 1895, does not impair the obligations of or apply to contracts entered into before the act went into effect.

**Bill of Interpleader.**—Appeal from the Circuit Court of Iroquois County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

F. L. HOOPER, W. F. PIERSON and A. GOODYEAR, attorneys for appellants.

WILBER, ELDRIDGE & ALDEN, ISAAC MILLER HAMILTON, PEYSON & KESSLER, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was a bill of interpleader, filed by B. F. Price, county clerk of Iroquois county, praying the direction of the court in the matter of issuing orders upon the county treasurer for $2,200 due E. P. Lane for building a bridge, under a contract entered into by said Lane with the county of Iroquois and the commissioners of highways of the town of Stockland. The bridge in question was known as the Sugar Creek Chapel Bridge, and the contract for the erec-

tion of the same was dated February 26, 1895, and provided that the county and the commissioners of highways should each pay the sum of $2,200 for the construction of the bridge, the entire contract price being $4,400.

Work on the bridge was commenced by Lane about May 1, 1895.

On March 11, 1895, Lane gave an order to Young & Hamilton for the sum of $1,100, drawn upon the fund to become due him from the county of Iroquois upon the contract, and he also gave a similar order for a like amount to the Columbian Exposition Salvage Company. These orders were presented to the county clerk who made an indorsement thereon as follows: " Will issue order as above indicated." " B. F. Price, County Clerk."

If paid, the sum of these orders would exhaust the entire amount which would become due to Lane from the county for building the bridge.

Subsequently to July 1, 1895, appellants furnished labor and materials which went into the construction of the bridge, and filed with the county clerk proper notices under the provisions of section 24 of the lien law of 1895, to obtain a lien upon the funds to become due the contractor for the erection of the bridge. Appellees insisted that the money due should be paid to them upon the orders above mentioned, while appellants contended for a lien thereon under the statute. The clerk being in the position of a mere stakeholder, and standing indifferently between the parties, filed this bill to compel the contestants to settle their rights between themselves. The court upon a hearing of that questien, found the bill of interpleader properly filed, and decreed that appellants and appellees should interplead, answer the bill and thereafter litigate the questions at issue between themselves. Answers were accordingly filed, evidence was taken and the cause heard by the court, which entered a decree against appellants, the claimants for a lien under the statute. As we understand it, the ground of the court's decision was, that the lien law of 1895 did not apply to, nor affect, contracts entered into before the law went into effect. We think the determination of this ques-

tion must depend on the further question as to whether or not the application of the lien law of 1895 to the case at bar, would in any way impair the obligation of the contract. If it would, then certainly it ought not to be applied. But we hold that it does not. The law imposed no new burden upon the county or the contractor. We see no reason for departing from what we said on this question in Smith v. Bell, 70 Ill. App. 490–495, when that case was before us involving the same point. We are disposed to follow our holding in that case and need not again repeat what we then said.

The cases of Andrews v. Atwood, 167 Ill. 249, and Culver v. Atwood, 170 Ill. 432, are clearly distinguishable from the case at bar and do not control it.

We are of the opinion the decree of the court was erroneous, upon the evidence, and it must therefore be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Decree reversed and cause remanded.