# LORENZO P. SANGER *et al.*

*v.*

# THE CITY OF CHICAGO.

1. CONTRACT—*right to recover for services under, where a forfeiture is wrongfully declared.* Where a contract for certain work provided that for certain causes the defendant might declare the same forfeited, in which event the defendant was to be exonerated from all liability under the same, it was *held,* that, if the contract was terminated improperly, or for no fault of the part of the plaintiff, he might recover for all work done under the agreement, or outside of it by the direction of the defendant, and that in such case the defendant could not retain the per cent authorized to be kept back until the completion of the contract.

2. In such a case, if the contract is capriciously rescinded, and the plaintiff prevented from performing it, without any fault on his part, his right to recover for services performed under it, will be as clear as if he had fulfilled it in every particular, and this without regard to the question whether he would have sustained a loss or made profits, had he been permitted to complete the work according to the contract.

3. In a suit to recover compensation for labor and services performed under a special contract, which authorized the defendant to declare the same forfeited for certain causes, and for loss of profits in not being allowed to complete the work according to the contract, the plaintiffs asked the court to instruct the jury that, if the contract was wrongfully forfeited, they were entitled to receive such sums as appeared from the evidence to be due them on account of work that was done and estimated, and for work done and not estimated, etc., if done by order of the defendant, and

also for any loss of profit they might have sustained by reason of the defendant's refusal to allow them to complete the work under the contract. The court modified the instruction by adding the words: "but in determining whether any and what damages the plaintiffs have sustained, the jury should take into view the whole contract, and consider whether or not the plaintiffs, had they been allowed to complete the contract without interruption from the defendant, would have made profit, and if so, what profit would have been made": *Held,* that the instruction should have been given without the modification; and that, as to the claim for services performed under the contract, the modification was erroneous, and calculated to mislead the jury, as the plaintiffs' right of recovery for the same did not depend upon the question whether they would have sustained loss or made a profit by being allowed to complete the work.

APPEAL from the Circuit Court of Cook county.

Mr. S. W. FULLER, Messrs. MONROE & McKINNON, and Mr. RANDALL, for the appellants.

Mr. S. A. IRVIN, and Messrs. BECKWITH, AYER & KALES, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover of the city damages which, it is alleged, resulted to appellants from a wrongful forfeiture of a contract between the parties for the doing of certain work on the Illinois and Michigan canal, and for work done by appellants for the benefit of the city not specified in the contract.

The agreement provides that appellants shall do certain work in deepening the canal, according to the profile made part of the contract. For the rock work indicated, they were to receive a stipulated price per cubic yard, and work which was to be done to complete the canal according to the plans and specifications, was to be paid for "at the estimates of the board of public works."

The contract was to be performed under the direction of the board of public works of the city of Chicago, and it was provided that, for any failure to prosecute the work with an

adequate force, for non-compliance with their directions in regard to the manner of constructing it, or for any other omission or neglect of the requirements of the agreements or specifications, the board might declare the contract, or any portion or section embraced in it, forfeited, which declaration and forfeiture should exonerate the city from all obligations and liabilities arising under the contract the same as if it had never been made, and the reserved twenty per cent on the work done should be forever retained by the city.

In accordance with this provision, the board did, on the 4th of March, 1867, declare the contract forfeited, and put an end to all further operations under it. Whether the contract was rightfully or wrongfully terminated, is one of the controverted questions in the case.

On the ground that the agreement was improperly declared forfeited, appellants claimed, on the trial, compensation for work done in removing mud and debris from the bed of the canal; for drilling done, and left for the benefit of the city, amounting to $1400; for sinking new faces ordered by the board shortly before the declaration of forfeiture, amounting to between $5000 and $6000; for back or reserved per centage on work actually performed, amounting in the aggregate to about $10,000; and for damages in not being permitted to complete the work under the contract.

The principal defense relied on is, that whatever appellants did was under the agreement, and that having been rightfully declared forfeited, the city was thereby exonerated from all obligations and liabilities arising under it.

It does not seem to be controverted that appellants, under the direction of the board of public works, did do a large amount of work in drilling and sinking the new faces, which was not contemplated by any specifications in the original contract, and which was highly advantageous to the main work to be performed. There is no pretense it was ever paid for. Estimates were made of the work done under the contract as it progressed, and eighty per cent of its value paid.

Previous to the declaration of forfeiture, appellants had expended large sums of money in preparations to perform the contract, largely in excess of any estimates that had been made of the work actually done. It was plainly to be seen considerable losses were inevitable in any event, whether the work stopped there or appellants were permitted to complete it.

The evidence shows conclusively, with the machinery appellants then had on hand, which had cost large sums of money, and was of little value for any other purpose, if they had been permitted to perform the contract they could have recovered some of the losses previously sustained—that is, they could have made a profit on the residue of the work. It was certainly practicable for them, with the facilities then possessed, to do the remaining rock work at a cost that would have realized to them a profit at the contract price; and while it is true there would in the end have been loss, still, if appellants had been permitted to complete the entire work, there can be but little doubt they could have retrieved much of the loss already incurred. This was their legal right, if they had been guilty of no default in the performance of the agreement.

In view of the evidence bearing on these vital points in the case, a majority of the court are of opinion that the 21st instruction given for appellee, and the qualification added by the court to the 12th instruction asked by appellants, were erroneous, and may have misled the jury.

Appellants asked the court to instruct the jury, if the contract was wrongfully forfeited, they would be entitled to recover such sums as appeared from the evidence to be due to them from the city on account of work that was done and estimated, and for work done but not estimated, in drilling, earth excavations, and extra costs of sinking faces, if done by order of the board of public works, and also for any loss of profit they may have sustained by reason of the refusal of the

city to allow them to complete the work according to the contract, to which the court added these words: " but in determining whether any and what damages the plaintiffs have sustained, the jury should take into view the whole contract, and consider whether or not plaintiffs, had they been allowed to complete the contract without interruption from the defendant, would have made a profit, and if so, what profit would have been made."

The instruction numbered 21 in the series given for appellee is upon the same point, and is still more objectionable. By it the jury were told that, "if it would have cost the plaintiffs to have completed the work mentioned in the contract more than the sum which plaintiffs were to have by the terms of the contract for doing the whole work, after deducting therefrom the payments which had been made, then plaintiffs, in contemplation of law, have sustained only nominal damages, and are not entitled to recover in this suit more than nominal damages, even if the contract was improperly declared forfeited."

These instructions do not state the law correctly as applicable to the facts of this case.

Whether the city was exonerated from its obligations and liabilities arising under the contract, depends on the question whether the board of public works was authorized, under the circumstances, to declare it forfeited.

No reason is perceived why appellants could not recover for all work done under, or even outside of the agreement by direction of the board, according to or independently of the specifications, if the contract was improperly rescinded.

Upon no principle of law or justice could the city retain the back or reserved twenty per cent on the work already done, if the contract was terminated for no fault of appellants. It would not be insisted that, if appellants had completed the work even at an immense loss to themselves, they would not be entitled to recover the reserved percentage, and for all

work done under the contract, whether within the specifications or not, "at the estimates of the board of public works." Such a proposition would be absurd. It would be a singular reason for withholding that which is justly due them, because they may have sustained losses on the entire contract. On the contrary, it is the strongest possible reason why they should be paid.

If the contract was capriciously rescinded, and the appellants prevented from performing it without any fault on their part, their right to recover is as clear and equitable as if they had fulfilled it in every particular. Of this there can be no doubt. But this instruction holds the contrary doctrine, and absolutely precludes appellants, in any event, from recovering more than nominal damages, even if the contract was improperly terminated. This is not the law.

It was no concern of appellee whether appellants would ultimately realize a profit or lose money in case they completed their undertaking, and the qualification to appellants' 12th instruction, which directed the jury to consider that question, was calculated to, and, we have no doubt, did mislead them.

It may be conceded appellants would have sustained losses if they had been permitted to complete the work according to the plans and specifications; yet, if the contract was improperly annulled, they would be entitled to recover the back or reserved percentage on the work done, and pay for all other work performed under it, and for such profits as they could show they could have realized if they had been permitted to complete the residue of the work.

Appellants' 12th instruction, therefore, should have been given without the added qualification.

It is no answer to this view to say the jury found the contract had been rightfully forfeited, and therefore the instruction and the modification could do appellants no harm. The verdict, as put in form by the court and assented to by the jury, shows no such finding. Strictly speaking, this is the verdict, and

the only one that can be considered. But if it be admitted the jury found, in their own minds, the contract was properly terminated, it may be that this very instruction and modification produced that verdict, which it is now insisted renders harmless confessedly improper instructions. This, to say the least of it, is an unfair process of reasoning.

We have deemed it proper, in view of the fact that the case is to be reversed on the instructions, to refrain from expressing any opinion at this time on the merits of the case, or to give any construction to the agreement of the parties, further than to say that the profile exhibiting the work to be done, with whatever is represented on it, is a part of the contract itself, and must be so construed.

For the error indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE LAWRENCE and Mr. JUSTICE WALKER: We think the verdict, as returned by the jury, shows that the instructions did not mislead the jury, and the judgment should be affirmed.