ADELBERT B. KIPP ET AL.

v.

NICHOLAS MASSIN.

</div>

1. CONTRACT FOR BUILDING HOUSE—PREVENTED FROM COMPLETING BY PARTY TO THE CONTRACT.—The court is of opinion that the evidence shows that appellants substantially complied with their part of the contract and would have completely performed it, had it not been for the refusal of appellee to allow them to proceed, and that appellants having been prevented by appellee from completing the building on the time agreed, they are entitled to recover the contract price, less the amount that it would take to complete the work, together with interest from the time when they were prevented by appellee from proceeding.

2. COSTS.—The rule in regard to costs governing in chancery cases does not apply in proceedings under the statute to enforce a mechanic's lien. The matter of costs in such cases is controlled by statute.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed August 20, 1884.

The appellants contracted with appellee, September 19, 1884, to construct a dwelling house on his farm, about six miles east of the town of Minonk. The appellee was to do all the excavating necessary for the laying of all the walls, including cellar, cistern walls and piers, and deliver all materials necessary for the construction of the building on the ground ready and handy for the workmen. The appellants were to construct and lay the foundation walls 12 inches in thickness for the main building, which was to be 16x28 feet on the ground and an eight inch brick wall under the L part which was to be 14x16 feet; the wall under the main building was to be six feet and that under the L part three feet high; piers were to be laid to support the porch foundation on each side of the L. The main building was to be eight feet high. The first and second stories to be connected by a box stairway landing in a hall above. The L part was to be 12 feet high with a porch and small room constructed on each side of it. The L to be constructed with and a part of the main building. The upper and lower floor joists to be 2x8 inches. All studding and upper ceiling joists to be 2x4 inches and 16 inches from center to center. All the floors, main and upper floor in the L, were to be laid with first common hard pine flooring. The kitchen floor to be laid with maple flooring wainscoted 2 feet 8 inches high. The siding to be clear-rafters, to be 2x4 inches and two feet apart, sheeting under the shingles to be No. 2; fencing shingles to be Star A. Star A, laid four and one half inches to the weather; cornice to be made of B box boards. The house to be sheeted throughout with dry second common boards. There are other specifications not necessary to name in regard to the windows, blinds and outside and inside doors, and in regard to the plastering and painting, and chimneys, spouting, cistern and privy. The building to be completed by the 20th November, 1881. To be finished in a plain and substantial manner.

The appellee was to pay to appellants $1,451.17, cash in hand, on the completion of the job, and the appellee was to provide board for the workmen while engaged in the construction of the house.

The appellants filed their petition in the circuit court to enforce a mechanic's lien, and the petition and amended petition set forth the contract, and that the work had been fully completed according to the contract, together with the changes made at request of appellee, except ten days' work for one man and some paint and plastering materials, and that he was ready to complete the same, but that on May 1, 1882, appellee forbade them to come upon the premises to work on the building, and so discharged them; charges that the time for the completion of the said building had been extended by appellees on account of the delays caused by the latter to comply with the contract on his part; that the work and materials done and furnished, an itemized account of which with the prices set opposite to each was attached to the bill, amounted to $1,564.53; that no part had been paid by appellee. The appellee set up in answer by way of defense that he had not been guilty of laches on his part in not fulfilling his part of the contract, or that he had extended the time of completion of the building, or waived it, and denies he was to pay any thing for the changes on the building, or that the changes caused any extra work or expense for which he should pay.

The appellee admits that he refused to allow appellants to complete the building because complainants had not complied with their contract in workmanship or materials, or time. The cause was referred to the master in chancery to take the proof and report the same with his conclusions to the court by Sept. 20, 1883. The master afterward reported to the court in compliance with the order in regard to the points in dispute as well as others. That in pursuance of said contract the appellants commenced the erection of the buildings; that soon thereafter the plan of the dwelling house was changed so as to materially enlarge some portions thereof, at. the suggestion of appellee, who agreed to pay appellants the additional costs above the contract price; that appellants'

Kipp v. Massin.

continued to perform their part of the contract until the appellee, without fault on their part, prevented them from proceeding or from coming onto the premises; that the appellants were ready to perform, but were prevented by appellee; that appellants did all they were required to do, but six days' work for one carpenter and five days' work for one mason, and three days' work for one painter; that there was due appellants the sum of $1,552.33; that the master's costs were $123.86.

The appellants excepted to the master's report because no interest was allowed by the master.

The court, in its final decree, found that the building was not in compliance with the terms of the contract as to workmanship and materials, and that by reason of such deviation from the terms of the original contract and specifications the appellee had suffered damages to the amount of $651.17, and that by reason thereof, appellants only were entitled to the sum of $800; set aside the master's report and gave decree for the latter sum, and decreed that appellants pay all the costs of the suit. From that decree an appeal was taken to this court.

Mr. W. C. SIMPSON and Messrs. BARNES & MUIR, for appellants; cited Taylor v. Renn, 79 Ill. 181, 185; Eyster v. Parrott, 83 Ill. 517; Vermont M. E. Church v. Brose, 104 Ill. 206; 2 Sutherland on Damages, 521.

Mr. C. C. STRAWN, for appellee.

LACEY, J. After a careful review of the testimony and a full consideration of that portion of it bearing on the controverted points in issue, we think the court erred in finding the issues on those points in favor of appellee; we are satisfied that the appellants substantially complied with their part of the agreement and would have completely performed it had it not been for the refusal of appellee to allow them to proceed.

We think that the delays were caused by appellee, and that the appellants were not in fault in not completing the build-

ing within the time fixed in the contract, and hence that the appellants lost none of their rights under the contract by reason of any delays in the completion of the building.

The weight of the evidence seems to be that the materials and workmanship were as good as the contract called for. The appellee may have been somewhat disappointed with the material in not fairly understanding when the contract was made just what kind of materials and workmanship was contracted for, but it appears that the specifications in the contract required to be performed by appellants were substantially complied with.

The contract price was $1,451.17 and the work was all completed with the exception of a small amount of work and materials, and the appellants having been prevented from completing the building by appellee, they are entitled to recover the contract price, less the amount that it would take to complete the work, together with interest from May, 1882, the time when they were prevented by appellee from proceeding, the basis of the claim being in writing. Sanger et al. v. The City of Chicago, 65 Ill. 506. The amount allowed by the master appears to be the original amount and interest as near as we can determine, his finding not being itemized nor the basis of the calculation, as shown by the abstract. We do not think the claim for extras made out. The contract price and interest less the amount it would have required to finish the house would be the proper basis of recovery and was near the amount found by the master.

We think the court erred in decreeing the costs against the appellants. The rule in regard to costs governing in chancery cases does not apply in case of proceedings under the statute to enforce a mechanic's lien. The matter of costs in those cases is controlled by statute. Sec. 27, Chap. 82, provides as follows:

"The costs of proceeding as between creditors claiming liens and the person against whom the lien is intended to be enforced shall abide the event of the suit, and the costs as between creditors aforesaid in contests relative to each others' claims shall be subject to the order of the court, and the same

rule shall prevail in respect to costs growing out of proceedings against and between incumbrances."

The court having found that complainants were entitled to receive $800, the costs under this statute should have been given in their favor.

It should have abided the event of the suit; the suit having terminated in favor of appellants they should have recovered their costs from appellee.

For these errors committed on the part of the court below the decree is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>