## Sophia Burton Gagnon v. Robert C. Burton et al.

1. SOLICITOR'S FEES—*Guardian ad Litem Can Not Recover Against Complainant for Legal Services Under Ch. 22, Sec. 6, R. S.*—Ch. 22, Sec. 6, R. S., allowing to a guardian *ad litem* a reasonable sum for his charges as such guardian, to be fixed by the court and taxed in the bill of costs, does not authorize the allowance of solicitor's fees to be included as part of such costs.

**Bill for Partition.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 14, 1903. Rehearing denied May 1, 1903.

JAMES A. FULLENWIDER, attorney for appellant.

MAURICE BERKSON, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an order allowing to a guardian *ad litem* fees to the amount of $532.50 in a partition pro. ceeding. Appellant filed her bill for a partition, and after the suit had been pending for more than six months, during which testimony had been taken and notice of motion given for the entry of a decree, she dismissed the bill without notice, at her own costs. The court, however,

Gagnon v. Burton.

retained jurisdiction, for the purpose of considering what allowance should be made for the services of the guardian *ad litem.* It is said that there was no contention before the chancellor that the services were not reasonably worth the amount charged and allowed. The only question here presented is whether the guardian *ad litem* can recover for his services against the complainant as costs to be taxed upon a voluntary dismissal of her bill, it appearing that part of the sum allowed was for legal services. There is evidence tending to show that it is impracticable to separate the legal from the ordinary services of the guardian *ad litem* in this case.

The statute provides that a guardian *ad litem* shall " be allowed a reasonable sum for his charges as such guardian, to be fixed by the court and taxed in the bill of costs." (Rev. Stat., Chap. 22, Sec. 6.) In Hutchinson v. Hutchinson, 152 Ill. 347–355, the court said : " It would be a heavy tax upon, if not a denial of justice to keep out of court a citizen who is advised that he has just ground for relief in equity, without he assumes a liability to pay the fees and expenses of the solicitors and experts employed by his adversaries, in all cases where one or more of the opposite parties in interest happens to be under full age. The general rule that prevails in this state is that solicitors' fees and expert fees can not be taxed as costs against unsuccessful litigants in chancery suits, and that the discretion of the chancery courts in awarding costs in such cases is confined to statutory allowances." (See cases there cited.) It is true that the statute provides (Chap. 107, Sec. 40) that in partition suits the court shall apportion the costs, including the reasonable solicitor's fees, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless a good and substantial defense is interposed. In that case costs may be recovered against complainant according to equity. But the statutory allowance as costs to a guardian *ad litem* is " a reasonable sum for his charges as such guardian." This can not by any reasonable construction include solic-

itor's fees to be included as part of such costs. Section 18 of chapter 33, which provides that upon the complainant dismissing the bill the defendant shall recover full costs, gives authority to recover nothing else. In Wilbur v. Wilbur, 138 Ill. 446–452, a guardian *ad litem* was allowed a fee for his services as such guardian, not so far as appears solicitor's fees for services rendered to the minor not included in the duties as guardian. In Ames v. Ames, 151 Ill. 280, it was said: "Where the interests of the minors, and those of one assuming to act as next friend are hostile to each other, it is the duty of the court to appoint a guardian *ad litem*, and the minor should be represented by counsel distinct from those representing the hostile interests." It was held that the court had power to tax solicitor's fees as costs against the minors, to be paid out of their estate. It was error to tax the fees of the guardian charged for acting as solictor for the minor as part of his charges as such guardian *ad litem* against the appellant, and the order to that effect must be reversed and the cause remanded.

Opinion per Curiam on Petition for Rehearing :

We are asked on petition for rehearing to determine here "what amount is properly allowable to the guardian *ad litem*" for his services as such guardian. This is not within the province of this court as the record stands. It must be determined by the Superior Court.

The title of the cause should stand as in the trial court. The guardian *ad litem* is not properly the appellee as entitled in appellant's briefs, and the record will be corrected in this regard.