Arthur Symms, et al., v. S. B. Jamieson, Master in Chancery.

### Gen. No. 11,247.

1. MASTER'S FEES—*right to review allowance of.* Masters in chancery do not by virtue of the allowance of fees to them become so interested in the case in which such fees are allowed that they may be made parties to a writ of error to review such allowance of fees.

2. FINAL AND APPEALABLE—*what order is not.* An order entered in a case allowing a master in chancery to whom the same was referred, certain fees, is not separable from the cause itself, and is not, in and of itself, a final and appealable order.

Writ of error to review allowance of master's fees. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Writ of error dismissed. Opinion filed July 12, 1904.

CHARLES T. FARSON, for plaintiff in error.

WILLIAM H. SEXTON, for defendant in error; ELGAR BRONSON TOLMAN, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

This writ of error brings before the court the same record as in the case of Symms v. City of Chicago, *post* p. 169. The writ was sued out on the theory that the application by a master for an allowance of fees and the allowance thereof was a collateral and independent proceeding in which the master was the moving party and should be defendant to the writ of error, and that the order allowing his fees was final and subject to review on appeal or writ of error.

The writ was improvidently sued out and cannot be maintained. Officers of the court performing services in suits before it do not acquire any interest in the suits and are not parties to them. Gagnon v. Burton, 107 Ill. App. 506, was an appeal from an order fixing the fees of a guardian *ad litem*, and it was sought to make him a party by naming him as appellee in this court. It was held that the case was not properly entitled, and the court ordered it redocketed in the name of the parties to the original litigation, saying : "The title of the case should stand as in the trial court. The guardian *ad litem* is not properly appellee."

Nor was the order fixing the master's fee a final one in the sense that it by itself could be reviewed on appeal or writ of error. The writ is therefore dismissed.

*Writ dismissed.*