Strook v. Jamieson.

---

## William Strook et al. v. Stillman B. Jamieson.

### Gen. No. 13,639.

1.   APPEALS AND ERRORS—*when master in chancery becomes party.* If after a cause has been dismissed a master in chancery, upon his own petition, obtains an order requiring the payment to him of certain fees earned in the proceeding, he becomes a party to the cause to the extent of such order, and an appeal lies therefrom and is properly entitled with the master named as appellee.

2.   MASTER IN CHANCERY—*when order of dismissal does not affect fees of.* An order of dismissal "without costs" does not affect the master's rights to his fees, even though such order is consented to by the defendants.

3.   JURISDICTION—*when order of dismissal cannot be set aside.* An order of dismissal cannot be set aside after the lapse of the term where no misrepresentations were made or deception practiced which resulted in the entry of the order.

Chancery proceeding.   Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding.   Heard in this court at the March term, 1907.   Reversed.   Opinion filed March 9, 1908.

JOHN C. TRAINOR, for appellants.

STILLMAN B. JAMIESON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This appeal presents a peculiar situation.   The appellee has not argued the matter on the merits, but insists that he is improperly made the appellee—that he was connected

with the matter involved in the contention here simply as
an officer of the Circuit Court (master in chancery). His ar-
gument, as shown by brief ·suggestions in support of his
motion to dismiss the appeal, is that the record, abstract and
brief filed by appellants show that the appeal is based on
an order entered in the case of Knute O. Knudson v. William
Strook, Minnie Strook and Oscar R. Hillstrom, general num-
ber 258,005, and that the parties filing the record in this
court were defendants in said cause; that the complainant in
that cause, Knute O. Knudson, is not made a party to this
appeal and is not mentioned in the appeal bond, but in lieu
thereof he—Stillman B. Jamieson—the master in chancery
who heard the case on reference from the Circuit Court, is
personally named as appellee, and the bond runs in his favor.
Therefore, he says, as officers of the court performing ser-
vices in suits before them do not acquire any interest in the
suits and are not parties to them, it follows that the present
appeal was improvidently allowed, and cannot be maintained.
To sustain this proposition he cites Gagnon v. Burton, 107
Ill. App., 506, and Symms v. Jamieson, 115 Ill. App., 165,
and asks that the appeal be dismissed. His motion to this
effect was reserved until the hearing of this cause.

To decide whether the argument of Mr. Jamieson is valid
as applied to the present case, and whether these cited cases
are controlling, it is necessary to consider the facts attending
the making by the Circuit Court of the order complained of
and appealed from.

Without stating particularly and in detail the way in
which the facts appear from the record, it is sufficient to
say that K. O. Knudson, some time before January 25, 1905,
had brought a suit in chancery in the Circuit Court of Cook
county to enforce a mechanic's lien against certain property
in the city of Chicago, making defendants William Strook
and Minnie Strook, his wife, and Oscar R. Hillstrom, Strook
being the alleged contractor and owner of the title to said
property, subject to a trust deed on the same running to said
Hillstrom, who had no further interest in the property than

Strook v. Jamieson.

as such trustee.   On January 25, 1905, the cause had been referred to Stillman B. Jamieson, master in chancery of the Circuit Court, to take testimony and report it to the court, with his conclusions of law and fact.   Mr. Jamieson heard and certified 1,257 folios of testimony, and then performed much other service in the cause, in the examination and consideration of the questions involved.   His fees allowed by law for the taking and certifying of the testimony amounted to $188.55, and on January 26, 1906, he asked the court in a certificate of charges filed in the cause to allow him $100 for the other services.   On April 7, 1906, Judge Walker, in the Circuit Court, by order fixed the compensation of the master at $100, in addition to the sum of $188.55 for taking and certifying the testimony, in all, $288.55, which amount has never been paid.   The master filed a report in favor of the complainant Knudson, recommending a decree in his favor for $602.

In November, 1906, through their respective solicitors, Knudson and William Strook agreed to settle the litigation, no decree having been entered therein.   Strook agreed to pay and Knudson to receive $200 in settlement of Knudson's claim.   The agreement was reduced to writing and Knudson, in consideration of receiving the $200 from Strook, acknowledged satisfaction of all claims and demands he had against the Strooks or Hillstrom, and agreed that he would dismiss the pending suit " *at his own costs,* that is at complainant's costs," and " that no costs or charges should be made or claimed by him, said complainant, by reason of any proceedings in said suit, or growing out of the same, against the said party of the second part, or the said defendants, Minnie Strook and Oscar R. Hillstrom."

In accordance with this agreement the solicitors for Knudson and for Strook respectively, personally, or by their authorized representatives, met at the court room of Judge Windes, then hearing the chancery docket of the Circuit Court, on November 15, 1906, and drafted and approved the following order:

"Knudson ⎫ Chancery Circuit Court of Cook County
    vs.    ⎬ 258005    .............. Term, 190..
Strook et al. ⎭ No. 12220

On motion of solicitor for complainant, it is ordered that above cause be dismissed without costs.

                            Enter 15 day of November, 1906.

O. K.    F. H. NOVAK,
              Solr. for compl't.
         JOHN C. TRAINOR,
              Solr. for Dfts."

This O. K'd order being handed to the judge was by him signed and given to the clerk and accordingly entered, and thereupon the $200 was paid by Strook's solicitor to Knudson's. This order was entered at the October term ·of the court, 1906 (November 15, 1906). At the next term, the November term thereof (November 26, 1906), Stillman B. Jamieson presented a petition to the court entitled as in

        K. O. Knudson    ⎫ Gen. No. 258003,
             vs.         ⎬
        William Strook et al. ⎭ Term No. 12220,

in which he set up that he was a master in chancery of the Circuit Court; that the cause of Knudson v. Strook was referred to him for hearing; that there had been many hearings participated in by complainant and the three defendants, all duly represented by counsel; that a master's report had been made and filed; that Judge Walker, as chancellor of the Circuit Court, had entered an order fixing the amount of said master's fees for his services and ordering the same taxed as costs, and that no part of said costs had been paid; that the proceeding was a bill to enforce a mechanic's lien now standing against the property owned by certain of the defendants; "that the record discloses that no legal tender was ever made by the defendant of the amount due the complainant"; that therefore "in the event that it should be decreed that the defendants were liable for any portion of the indebtedness, it would follow as a natural consequence that they were liable for all of the costs, including the master's

Strook v. Jamieson.

fees, which would be a lien against the property involved ";
that the petitioner was informed and believed that the de-
fendants had paid a large sum of money to complainant, and
had satisfied his claim, and had also paid the complainant's
solicitor's fees, and all other costs except the master's fees;
that on or about November 15, 1906, the defendants and
John C. Trainor conspired together with the complainant and
one F. H. Novak for the purpose of avoiding their liability
for payment of the master's fees herein, and for the purpose
of defrauding the said master out of the fees earned and
awarded to him; that pursuant to said conspiracy, said
parties, or some of them, went to the attorney who tried the
cause for the complainant, and representing that they had
paid the complainant and had also paid, or would pay, all
costs, including the master's fees, and paying his fees as
solicitor for the complainant, procured him to sign a stipu-
lation withdrawing from the cause and consenting to the
substitution of F. H. Novak as solicitor of record; that
thereupon said Novak and Trainor, or their representatives,
appeared before the court and represented that they were the
solicitors for the complainant and the defendants respec-
tively, and that there were no costs incurred, and "asked to
have an order entered dismissing the bill of complainant
herein without costs to either party, or without a judgment
for the payment of the costs theretofore incurred"; that
thereupon "the court, acting upon said fraudulent misrep-
resentations, entered said order."

The prayer of the petition was as follows:

"By reason and on account of the fraud perpetrated upon
the court, this petitioner asks that the order of November
15, 1906, be set aside or so amended as to direct that the
defendants pay the costs of this proceeding, including the
fees of the master in chancery heretofore allowed, fixed and
taxed herein. This petitioner further asks that a rule be
entered on F. H. Novak and John C. Trainor, both of whom
are attorneys, and as such are officers of this court, to show
cause why they should not be punished for perpetrating said
fraud upon the court."

John C. Trainor personally seems to have demurred to the petition, and on the overruling of the demurrer, answered it purely in his own behalf, protesting against the proceeding, and denying the further jurisdiction of the court in the cause of Knudson v. Strook, or over the parties to the same, and not purporting to submit himself or them to such jurisdiction. He first asserted in his answer (which was sworn to) that the cause was dismissed in the October term, 1906, and that now, in the November term, the court was without jurisdiction in said cause or over the parties in said cause.

Secondly, he admitted the various matters alleged in the petition about the nature of the litigation, alleged that while denying that he was indebted to complainant, the defendant Strook tendered to complainant before the evidence was heard, $300, and kept said tender good; that Master Jamieson had stated that such tender was a fair and just offer, but had recommended a decree for the full amount claimed, $602.20, and costs, and $100 solicitor's fees.

Thirdly, he alleged that he informed said master, in a conversation over the telephone, that said parties were negotiating a settlement, and asked said master what sum he would be willing to accept in satisfaction of his fees if such negotiations were successful; that said master said he would accept $50, and that respondent informed said master, while at all times disclaiming any liability on the part of said defendants to pay said master's fees, that he would insist on defendants contributing one-half said sum, $25, for the purpose of reaching a settlement; that he had no further conversation with said master in reference to said cause until November 19, 1906, on which day he informed said master that said parties had settled said cause, and that he had required defendants to pay for the master the sum of $25, which he was then ready to pay to him, and that Mr. Novak, solicitor for complainant, had the other $25 for him; that then the master said he would not accept $50 in settlement of his fees.

Fourthly, he denied any conspiracy or agreement with Novak, or any other person, for the purpose of avoiding

Strook v. Jamieson.

their liability to the master, or inducing the former solicitor for the complainant to withdraw.

Fifthly, he alleged that Novak, as solicitor for complainant, and one McGrath, who represented him (Trainor), appeared in court on November 15th, and Novak, as solicitor for complainant, made a motion to dismiss the cause of Knudson v. Strook et al., and "it having been agreed that the defendants waived any claim for costs against complainant, an order was drafted and 'O. K.'d' by said representatives of both parties, dismissing said cause without costs, the purpose of drawing said order in that form, instead of at complainant's costs, being to manifest said defendants' intentions to waive any claim for costs against complainant, all costs having been theretofore paid by the respective parties, except said master's fees, and satisfactory provisions having been made for payment of said fees, as hereinbefore set forth," and that no representations of any kind were made to the court when said motion was made and said order entered.

On the hearing, the order of November 15, 1906, before described, the certificate of charges filed by the master in the cause of Knudson v. Strook et al., January 26, 1906, and the order of the court of April 7, 1906, on the same; the check of $25 tendered by Strook to the master as set forth in the answer of Trainor, which check was signed by Hillstrom; the contract of settlement and release of lien entered into between Knudson and Strook; and the affidavits of Frank H. Novak, of Stillman B. Jamieson, and of Chester Firebaugh (the former solicitor for the complainant Knudson), were offered and read in evidence, and the court on December 5, 1906, entered an order entitled in the cause number 258,003, Knudson v. Strook et al. The order recited that on the coming of "the complainant Knudson by F. H. Novak, his solicitor, and the defendants William Strook, Minnie Strook and Oscar R. Hillstrom, by J. C. Trainor, their solicitor, and of Stillman B. Jamieson, the master in chancery," etc., the court found:

First. That on April 6, 1906, an order was entered

fixing and taxing as costs the fee of Stillman B. Jamieson at the sum of $288.55, and that it was unpaid.

Second. That on November 15, 1906, the defendants having paid and satisfied the claim of the complainant, an order was presented to the court, bearing the "O. K." of counsel for the complainant and defendants respectively, and upon motion of the solicitor for the complainant, and with the consent of the solicitor for the defendants, both appearing in open court, said order was entered by the court, and ordered that the cause of Knudson v. Strook et al. be dismissed without costs.

Third. That the portion of said order providing for the dismissal of said cause without costs was an error of fact, inasmuch as the fees of the master in chancery thereto fixed and taxed as costs, at that time appeared of record unpaid and unsatisfied.

Fourth. That the proceeding was a bill to enforce a mechanic's lien against certain real property.

The decreeing portion of the order was this:

"It is therefore ordered, adjudged and decreed by the court, that the order of this court entered November 15, 1906, be amended by striking out the words 'without costs,' and inserting in lieu thereof, 'with one-half of the costs against the complainant, and one-half of the costs against the defendants, and that fee bills issue therefor.' "

The order concludes:

"The defendants and complainant jointly and severally except to the entry of the above and foregoing order, and jointly and severally pray an appeal to the Appellate Court of Illinois, which is allowed upon the said defendants filing their appeal bond herein," etc.

On December 15, 1906, on the ground that Hillstrom was merely a nominal defendant in Knudson v. Strook et al., without any interest therein, a motion was made that the court so modify the order of December 6th that it should not provide that any part of the costs should be taxed against

Strook v. Jamieson.

him. In support of this motion, which the court denied, the affidavit of Hillstrom was offered, to the effect that he was made a defendant merely because he was named as trustee in a mortgage trust deed of the premises involved, and that he had no interest in the premises nor in the indebtedness secured by said trust deed, nor in the litigation.

On January 3, 1903, William Strook, Minnie Strook and Oscar R. Hillstrom presented, and Judge Windes, who entered the order of December 6, 1906, approved, an appeal bond in the sum of five hundred dollars, signed by William Strook, Minnie Strook, Oscar R. Hillstrom, and Christine Hillstrom, and running to Stillman B. Jamieson, the condition of which was:

"That, whereas, in the Circuit Court of Cook County, in the State aforesaid, and of the November Term thereof A. D. 1906, a certain decree was entered against the above bounden William Strook, Minnie Strook and Oscar R. Hillstrom, for one-half the costs in a cause pending in said court entitled Knudson v. Strook, Gen. No. 258003, from which said decree of the said Circuit Court the said William Strook, Minnie Strook and Oscar R. Hillstrom have prayed for and obtained an appeal, etc. Now, therefore, if the said William Strook, Minnie Strook and Oscar R. Hillstrom shall duly prosecute their appeal with effect, and moreover pay the amount of the said decree for costs, interests and damages," etc.

The clerk of the Circuit Court, in certifying the transcript of the record which has been filed in this court, certifies that the proceeding, the transcript of the record of which precedes the certificate, began by the filing of a petition on November 26, 1906, by Stillman B. Jamieson, praying a modification of a final order dismissing the cause of Knudson vs. Strook et al., in which petition Stillman B. Jamieson, Master in Chancery of the Circuit Court, was petitioner, and the "said complainant, K. O. Knudson, and the said defendants William Strook, Minnie Strook and Oscar R. Hillstrom and their respective solicitors, F. H. Novak and John C. Trainor, were respondents."

The assignments of error in this court attack generally the jurisdiction of the Circuit Court to entertain the petition of Jamieson, or make any order affecting the rights of appellants after the term at which the order of dismissal of Knudson v. Strook was ordered, and particularly question it for the reason that neither the Strooks nor Hillstrom had any notice either actual or constructive of the petition and proceedings to modify said order.

It is also insisted that the court specifically erred in apportioning one-half of the costs in Knudson v. Strook et al. against the defendants in that cause, and particularly, it is alleged, that such error exists in apportioning any portion of the costs against Hillstrom, who had no interest in the litigation or property save a bare legal title as trustee, and as against Minnie Strook, whose only interest was that of an inchoate right of dower in the property involved.

A consideration of the proceedings shown by this record fails to show us any reason for holding that this appeal is not properly taken, or even that it is not properly entitled. After the cause of Knudson vs. Strook et al. had been dismissed, and after the term at which the order dismissing it had gone by, Mr. Jamieson filed a petition to the court sitting in chancery. He entitled it indeed in Knudson v. Strook et al., to which cause he rightly says he was not a party. Neither were the only respondents he actually names in his petition parties, but merely the solicitors of record of parties. He asked that they should be punished, but he asked also that the defendants in Knudson v. Strook et al. should be decreed to pay him his fees in that case—a matter entirely out of the usual course where a suit is dismissed at complainant's motion—and of course although he did not name them as respondents to his petition, they must be considered defendants thereto. It is apparent that that on which he asked a decision was not a question mooted in any sense between the complainant and the defendants in Knudson v. Strook et al., but an independent contention of his own. Whether his petition be considered an intervening petition in that cause, or, as appellants suggest, more in the nature

Strook v. Jamieson.

of a bill of review, the master ceased to be merely an agency of this court, and was an independent and interested party in the matter. The fact that he happened also to be a master of this court does not seem to us to take the case out of the rule laid down in Bromley Carpet Co. v. Field, 88 Ill. App., 219, which holds that a party intervening in a cause and showing an interest in the orders of the court "by filing a petition, becomes a quasi-party and entitled to an appeal." If entitled to an appeal himself, it would seem to follow that the parties whom he makes defendants to his petition and against whom he secures a final order subjecting their property to execution (as does the order in this case which taxes a certain amount of the costs in his favor against the defendants and orders, "that fee bills issue therefor"), are entitled to an appeal against him.

Counsel for appellants say that the appellee's solicitor himself insisted that the appeal bond should be made to run to appellee, and this necessarily determined the entitling of the appeal in this court. Whether this be so or not, the chancellor evidently held this to be the proper form of the bond and appeal when he approved the bond. We think he was right. The cases of Gagnon v. Burton, 107 Ill. App., 506, and Symms v. Jamieson, 115 Ill. App., 165, seem to us distinguishable in an essential particular from the one at bar. Had the appeal been taken from the order of April 6, 1906, fixing the amount of the master's fees, they would be in point, but there is here presented a different question. The motion of appellee to dismiss the appeal is denied.

We regret that the appellee did not argue the cause here on the merits, for the conclusion that we have reached on them is adverse to the relief granted him by the court below, and we should have been better satisfied had the order of the chancellor been defended before us. There is no pretense or claim that the master's fees were not properly allowed at the amount asked by him in his certificate of January 26, 1906, and of course, therefore, there is no reason why (if he has not released them) he should not enforce them in due course and against such parties as are legally liable therefor.

No agreement of the parties to which he did not assent can affect his rights as to this. But as we view the order of the court, entered on motion of the complainant, November 15, 1906, there was no interference with these rights. The order had the same effect exactly as though it had read, "On motion of solicitor for complainant it is ordered that the above cause be dismissed," and ended there; or "On motion of solicitor for complainant, it is ordered that the above cause be dismissed at complainant's costs"; with this single exception, that the addition or substitution of the words "without costs," which addition or substitution was agreed to by defendants' solicitor, waived or prevented the recovery or collection of costs against the complainant *by the defendants*. We do not think it doubtful that this was the result, and that the master's rights, whatever they are, were unaffected by the order. . Had the order recited that the costs were "paid," perhaps a different question would have been presented. But if our conclusion as to this be incorrect, then it seems to us that if there were jurisdiction in the court at all, on the theory that there had been a mistake of fact or otherwise, to change the order at a subsequent term, the correct amendment on this petition and the evidence adduced thereon, would have been to strike out the words "without cost," or substitute therefor at "complainant's costs," or, at most, "on condition that the accrued costs are first paid."

We do not mean to say that circumstances might not have made the defendants, or some of them, primarily liable to the master for fees, although not taxed against them by the court, nor that the original motion to dismiss by the complainant could not have been denied by the court except on terms imposed by it on the complainant. The statute on Mechanic's Liens expressly provides that it could have been. Mechanic's Lien Act of 1895, section 11.

But the course here taken raises a different question entirely. The mechanic's lien petition had already been dismissed. The term at which it had been dismissed had gone by. The order which was entered at the succeeding term did

not revoke the dismissal, but arbitrarily assessed one-half of the costs against the defendants and awarded execution therefor. This was not to allow the dismissal of the petition on *"terms named by the court,"* but to make a judgment or decree against the defendants, who had not yet had their hearing and day in court. That the master had reported adversely to them was of no importance; they had a right to a hearing before the chancellor on the merits. The evidence offered on this petition shows that the "payment and satisfaction" of the complainant's claim was in reality a purchase of his peace by one of the defendants for a sum small compared with the claim of the complainant, for which he was suing, and which the master had reported was due him. There is nothing in the evidence justifying the allegation of the petition that the order of November 15, 1906, was obtained by misrepresentation or deception of the court. In fact the opposite appears, and the order of December 5th does not place the action of the court on the latter date upon any such grounds, but upon the ground that the portion of said order providing for the dismissal of said cause "without costs" was "an error of fact." As we construe that order we can see no error of fact in it which authorized the court to vacate or modify a final order passed at a previous time. If it was an inadvertence to make the order dismissing without terms, it was an overlooking, not a mistake of facts at most, which caused it.

Therefore we think the order of December 5, 1906, was beyond the jurisdiction of the court to make. Moreover, we think that if it had been within its jurisdiction, it would still have been erroneous. These propositions are emphasized by the facts, although not dependent on them, that notice of the appellee's petition was only given to the former solicitor of the defendants after the case was out of court (Swift v. Allen, 55 Ill., 303), that under the Mechanic's Lien Act the matter of costs is controlled by statute and is not within the discretion of the court as in other chancery cases (Kipp v. Massin, 15 Ill. App., 300) and that under the order a plainly inequitable thing was done in fixing a judgment

liability for half of the master's fees on Minnie Strook, whose interest was only that of the owner of an inchoate right of dower in the premises owned by the principal defendant, and on Hillstrom, who had no beneficial interest in the premises and was in no way responsible on any contract regarding improvements on them.

The order appealed from is reversed.

*Reversed.*