ALBERT GRUNDEIS *et al.*

*v.*

EDWARD A. HARTWELL.

1. MECHANIC'S LIEN—*what is an express contract.* A contract for the furnishing of material to be used in a building, fixing the prices for the articles to be delivered, but leaving all other matters to be implied, is not an express contract, within the meaning of that term in the lien law. In such case, if the materials are all furnished within one year from the commencement of the delivery thereof, the material-man will be entitled to a lien.

2. SAME—*apportionment of proceeds of sale among several claimants.* Under the statute giving prior incumbrancers a preference to the extent of the value of the land at the time of making the contract, and the mechanic or material-man a preference in respect to the value of the improvement, the court, on decreeing a sale of premises for a mechanic's lien, should find the value of the building and of the lot before the improvement, and determine what proportion of the proceeds shall be paid to the lien-holder and what to the several prior incumbrancers. It is error not to do this, but to require the lien of the mechanic or material-man to be first paid.

3. PRACTICE—*time to object for a variance.* A defendant failing to object, on a trial or hearing of a proceeding for a mechanic's lien, to evidence, on the ground of variance, waives the objection, and can not urge the same in this court for the first time.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. FORRESTER & BEEM, for the appellants.

Mr. MORTON CULVER, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition to enforce a lien for the value of certain sash, doors, and other materials, furnished by appellee, and used in a building which appellants, Albert and Augustus Grundeis, were erecting in the city of Chicago.

It is first urged, in behalf of appellants, that the contract set out in the petition is an express contract, and there being

no time fixed for the delivery of materials or for payment, no lien can be decreed. It is true, that, under sec. 3 of the Lien act of 1874, where the contract is express, no lien is created if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time agreed upon for the completion of the work. But the contract set out in the petition in this case was not an express contract ;—it contained no element of an express agreement. The prices for the articles to be furnished may have been agreed upon, but all else was to be implied. The petition contained the averment that the materials were furnished within one year from the commencement of the delivery thereof, and set up an implied agreement, which brought it clearly and fully within the terms and conditions of the statute.

It is also urged that there was a variance between the proof and the averments in the petition. If that be true, we can not for that reason reverse the decree. If the proof, when offered in evidence, did not correspond with the averments of the petitioner, it was the duty of appellants to object to the introduction of the evidence. As they failed to object then, the point, now made for the first time, comes too late. Had there been a clear variance, and had the objection been made in the circuit court, and had petitioner failed to amend the petition, then the point might have been successfully urged in this court.

It is next claimed that the court erred in decreeing that out of the proceeds of the sale the master should pay, first, petitioner the whole amount of his claim, and then pay the claim of Rose A. Forrester, and lastly, the claim of Christiana Grundeis.

It appears, from the evidence, that Rose A. Forrester held a mortgage on the premises for $15,000, and that Christiana Grundeis held a second mortgage for $20,000. Each of these mortgages was a lien upon the premises before the building was erected, and before the materials were furnished by petitioner.

Section 17, Revised Statutes 1874, p. 667, declares: "No incumbrance upon land created before or after the making of a contract under the provisions of this act, shall operate upon the building erected or materials furnished, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied; and upon questions arising between previous incumbrancers and creditors, the previous incumbrancer shall be preferred to the extent of the value of the land at the time of making the contract; and the court shall ascertain, by jury, or otherwise, as the case may require, what proportion of the proceeds of any sale shall be paid to the several parties in interest."

The court found the value of the building, but did not find the value of the lot, and failed to determine the proportion of the proceeds of the sale to which the parties were entitled, as required by the statute *supra*, but, instead of pursuing this course, the court decreed a sale of the premises, and that petitioner should be first paid from the proceeds of the sale.

This was error. The petitioner had a first lien on the building, but a third lien on the lot. As the two mortgages were liens upon the lot before the materials were furnished by petitioner, Rose A. Forrester had a first lien on the lot and a second lien on the building, while Christiana Grundeis, the other mortgagee, had a second lien on the lot and a third lien on the building. The proceeds of the sale ought to have been distributed between the parties according to the priority of lien of the respective parties upon the building and lot, after the value of each had been ascertained and the proportion determined.

The statute involved in this case has been before the court before, and the construction given it is uniform. *Croskey* v. *Northwestern Manufacturing Co.* 48 Ill. 481.

The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*