## Frank L. Miller et al.

v.

## Robert S. Ticknor et al.

1. Mechanic's lien—Rights of prior mortgagees—Practice.—In proceedings for a mechanic's lien where it is claimed that there are prior incumbrances, it is the duty of the court to find and adjudicate upon the rights of the parties holding such prior incumbrances. If such liens exist, they should be ascertained and provided for in their order, and if they do not exist, it should be so declared, in order that the master's sale may convey an unclouded title.

2. Priority of lien—Value of land and improvements.—Under the provisions of the lien law, the mechanic holds a lien superior to a prior mortgage as to the improvements, and second as to the land; and the proceeds of the sale should be applied in payment of the respective claims in proportion to the several amounts. It is, therefore, necessary in such cases, that the court should find the value of the land and of the improvements separately.

Error to the Circuit Court of Kane county; the Hon. H. H. Cody, Judge, presiding. Opinion filed December 4, 1880.

Messrs. Botsford, Barry & Russell, for plaintiffs in error; that the statute giving a lien is in derogation of the common law, and should be strictly construed, cited Belanger v. Hersey 90 Ill. 70; Crowl v. Nagle 86 Ill. 437.

The decree should find the value of the land and improve-

ments separately: Grundies v. Hartwell, 90 Ill. 324; Ogle v. Murray, 3 Bradwell, 344.

PLEASANTS, J. This was a petition filed May 10, 1878, by the defendants in error, as partners, against the plaintiffs in error and Henry Abelman, to enforce a mechanic's lien for work done and materials furnished under a contract with Miller from May 18th to November 12th, 1877, for a house on his lot in the city of Elgin. It states, upon information and belief, that the other defendants—Meier, Hewitt and Abelman—hold mortgages upon the premises, but that the dates of the same and the amounts, if any due thereon, respectively, are unknown to the petitioners.

Miller, Meier and Hewitt were defaulted. Abelman answered, denying all knowledge of the transactions between petitioners and Miller, and setting up an interest in the premises under a mortgage to him from said Miller and his wife of Dec. 4, 1876, duly recorded and claimed to be a valid and subsisting lien, subject, however, to a prior mortgage therein recited, for $700, to said Hewitt; to which there was a replication in the usual form.

On final hearing, upon these pleadings and oral and documentary evidence produced, the court made a decree, finding that there was due to the petitioners $95.60, for which they are entitled to a lien upon the premises described, and to Abelman upon his mortgage $1,102.77, for which he is entitled to a lien thereon—subject, however, to that of the petitioners upon the value of the improvements—and ordering that in default of the payment of these sums, with interest from that date, by Miller to the parties so entitled, respectively, within thirty days, the Master make sale of said premises and out of the proceeds pay, first, the costs and expenses; second, to petitioners the amount found due to them; third, to Abelman the amount found due to him, and lastly, the surplus, if any, to the defendant Miller.

The decree would be precisely right if Abelman's were the only lien besides that of petitioners and subject in all respects to theirs, but as applied to this case is erroneous in two par-

ticulars. It fails to find or adjudicate as to the alleged interests of Hewitt and Meier. If they had liens, these should have been ascertained and provided for in their order; if they had not it should have been so declared, that the master's sale might convey an unclouded title. And of this omission Miller may complain, although they were defaulted. Kilgour v. Crawford, 51 Ill. 251.

Under the provisions of the lien act (R. S. Chap. 82, § 17) as between petitioners and Abelman, the former held the first lien upon the improvements and the second upon the lot, and (§ 15) the proceeds of the sale must be applied in payment of the respective claims in proportion to the several amounts. Hence the necessity in such cases of finding the value of the land and of the improvements separately. Grundeis v. Hartwell, 90 Ill. 324. This also the circuit court wholly failed to do, but ordered the payment, first, of the petitioner's claim in full, although for aught that appears the value of the improvements may be less than its amount, and that of the lot, on which Abelman has the prior lien, not more than sufficient to pay his.

For these errors the decree is reversed and the cause remanded for further proceedings in conformity herewith.

Reversed and remanded.