## Daniel R. Kendall et al., Trustees, etc., v. Neil A. Fader.

1.  CONTRACTS—*To be Governed by Laws in Force When Made.*—The law in force when a contract is made must be deemed to have entered into and to have formed a part of it, and such contract is to be construed and enforced in accordance with the law as it then existed.

2.  SAME—*Laws Impairing the Obligations of.*—To hold that a contract made under an old law is to be governed by subsequent legislation would be to construe such legislation as valid and not void, as impairing the obligations of contracts previously made.

3.  SAME—*Laws Which Provide Remedies Not a Part of.*—It is well settled that remedies which the law provides to enforce a contract do not constitute a part of the contract itself and are within the control of the legislature.

4. SOLICITORS' FEES—*When a Decree Allowing is Unauthorized.*—When by the terms of a contract and the law which entered into and formed a part of it, no lien for a solicitor's fee was allowed, the allowance of such a fee authorized by a law subsequently enacted is illegal.

5. WORDS AND PHRASES—*" On or About "—When Surplusage in a Contract.*—Where the words "on or about," are used in a contract, while weakening the positive force of its terms, they may, under the contract, in this case, be treated as surplusage.

6. MECHANICS' LIENS—*Errors in the Statement Filed Do Not Always Invalidate.*—A mistake of fact in a statement filed under the statute, for a mechanic's lien, where there is no wrong intention on the part of the party filing it and no one is prejudiced by it, does not necessarily constitute such a violation of the requirements of the statute as to render the notice invalid.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed in part, reversed in part, and remanded with directions. Opinion filed December 24, 1901.

BURLEY & McSURELY, attorneys for appellants.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree in a mechanic's lien proceeding. Appellee filed his cross-bill to establish a lien in his favor as general contractor, in a suit begun by the Tacoma Safety Deposit Company to foreclose a mortgage. The mortgage was itself subject to a prior lien in favor of appellants. The owner of the property contended that the building was not constructed in accordance with the contract, and claimed that he was damaged to the amount of $1,000 by the failure to construct in accordance with the plans and specifications. The Circuit Court allowed him $245.45 damages.

It is urged by appellants' counsel that certain items included in the decree, are allowed in violation of the statute as well as contrary to the evidence. Objection is made to an allowance of ten per cent of the whole amount found

due the contractor for solicitors' fees, which appellee seeks to justify under the provisions of section 18 of the mechanics' lien act of 1895.

The original contract was made October 25, 1894, and the work was begun, it is said, not long after that date. The mechanics' lien act at present in force was approved June 26, 1895, and went into effect immediately. It contains a proviso that section 40 of said act, repealing former lien laws, "shall not be so construed as to affect any rights existing or actions pending at the time this act shall take effect." The contract and the subsequent amendment thereto having been made under the prior statute, the law then in force must be deemed to have entered into and formed a part of such contract, and the latter must be construed and enforced in accordance with the law as it then existed. To hold that contracts under the old law can be governed by the statute subsequently enacted, would be to construe that statute as an act impairing the obligation of contracts, in violation of the constitution. Andrews & Johnson Co. v. Atwood, 167 Ill. 249; Culver v. Atwood, 170 Ill. 432; Weber v. Bushnell, 171 Ill. 587. In the last case it is said (p. 594), "the remedy may be controlled by the law of 1895."

It is urged for appellee in the case before us that section 18 of the act of 1895, providing for a reasonable attorney's fee not exceeding ten per cent to be taxed as part of the costs, relates merely to the remedy, and is therefore properly applicable to suits for the enforcement of liens, even those arising under the prior statute. It is well settled that remedies which the law provides to enforce contracts, constitute no part of the contracts themselves, and are within the control of the legislature. Smith v. Bryan, 34 Ill. 376; Templeton v. Horne, 82 Ill. 491; Woods v. Soucy, 166 Ill. 407–414. But the decree in the case before us goes further than the mere allowance of solicitor's fees. It adds the sum allowed for such fees, viz., $131.54, to the amount found by said decree to be due appellee, and decrees him a first lien upon the premises for the total so made up. This is in effect making a new contract for the parties which

they did not make for themselves.    It charges the property
for payment of such fees.    Under the contract and the law
which entered into and  formed a part of it when it was
made, no lien for solicitor's fees was provided.    To hold
that such lien could be given by the statute subsequently
enacted would be not to extend appellee's remedy, but to
charge the property for his  benefit with an  additional
incumbrance.    The remedy remains the same with or with-
out solicitors' fees.    The allowance of such fees as a lien
compels the property to pay for the enforcement of his rem-
edy, and it was not so nominated in the bond.    The allow-
ance was, we think, clearly improper.

It is urged on the part of appellants that the sworn state-
ment of claim filed by appellee is insufficient in that it
fails to show between what dates the work was done.    It
states that by the original contract, dated October 25,1894,
and which originally provided for three houses, including
the one involved in this controversy, the work was to be
commenced on or before April 30, 1895; that February 18,
1895, the contract was amended by "a further agreement
in writing," so as to cover only one of said houses, and
that "immediately upon the execution of the said contract
this claimant proceeded to erect the said building accord-
ing to the terms thereof and completed the said building
on or about the 20th day of November, 1895."    We regard
the statement as sufficient in that respect.    The contract
was entire, and it states, we think, with sufficient clearness,
that the work was immediately commenced upon the exe-
cution of the amended agreement of February 18, 1895, for
the construction of the one instead of three houses, and
that the building was completed November 20, 1895.    The
words "on or about," while weakening the positive force
of the statement, do not contradict it, and may, in this con-
nection, be treated as surplusage.    The work was done
under an entire contract.    Certainty to a common intent is
all that is required.    Springer v. Kroeschell, 161 Ill. 358–
365;  Hayes v. Hammond, 162 Ill. 133–136.

It is  urged as  fatal to appellee's  claim that the sworn

statement contains a charge for non-lienable items and extras. It appears to be true that the statement of the lump sum claimed to be due, was somewhat larger in amount than was allowed appellee by the decree. It does not appear but that appellee believed and still believes himself entitled to a lien for the whole amount, so claimed to be due, except that as to one item of $10 he admits that he failed to make a proper credit. But such a mistake, and the fact that the court upon the hearing disagreed with him as to another item of $60, for which in good faith he claimed a lien, do not necessarily constitute such a violation of the requirements of such statement as to make it invalid. Where there is no wrong intention, and where no party is thereby prejudiced, and especially where the item is easily separable from the residue of the indebtedness, the mistake is said, in Culver v. Schroth, 153 Ill. 437–446, not to be sufficient of itself to vitiate the statement and defeat the lien.

Other objections are urged to the decree, which we have carefully considered, but do not deem it necessary to discuss in detail. Finding no error, other than the allowance of solicitor's fees, the decree will be reversed as to such allowance only, but otherwise affirmed; and the cause will be remanded to the Circuit Court with directions to correct the decree by striking out such allowance. Affirmed in part and reversed in part and remanded with directions.