### Louis Kalina et al. v. Henry Steinmeyer et al.

1. COSTS—*Rule in Chancery Does Not Apply in Statutory Actions.*— The rule in regard to costs governing in chancery cases does not apply in proceedings under the statute to enforce a mechanic's lien. The matter of costs in those cases is controlled by statute.

2. SOLICITOR'S FEES—*In Mechanic's Lien Proceedings.*—The statute makes the assessment and taxing of an attorney's fees against the losing party in a mechanic's lien proceeding mandatory upon the court, and makes no provision as to the manner of determining the amount, nor as to the amount, except that it shall not exceed ten per cent. While it is the usual practice of the court to hear evidence in such cases, yet to make such assessment and tax such fee without first hearing evidence is at most only an irregularity.

3. PRACTICE—*Errors Working No Injustice to Party Appealing.*— Where a court has power to act, a judgment or decree will not be reversed for an error which can work no injustice to the party who appeals.

**Mechanic's Lien Proceedings.**—Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

BURTON & WHEELER, attorneys for appellants; W. E. HADLEY, of counsel.

C. N. TRAVOUS and GEORGE D. BURROUGHS, attorneys for appellees; W. G. BURROUGHS, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding in the Circuit Court of Madison County, by appellees against appellants, to establish and foreclose a sub-contractor's lien. Trial before the chancellor upon evidence produced and taken in open court. Decree in favor of appellees for $766.50, with costs, including $75 for solicitor's fees.

Appellants owned the real estate in controversy, and entered into a contract with one Gahl, a contractor and builder, for the erection of a frame residence thereon, the contractor to furnish all labor and materials and complete the building for $1,570. As the work progressed appellees furnished to the contractor lumber and other material for the building. Subsequently a dispute arose between the parties as to the amount and value of the materials furnished by appellees, and appellants tendered to appellees the sum of $688.17 as the full amount due them. Appellees demanded a larger sum, declined to accept the tender, and instituted proceedings to establish and foreclose a lien as sub-contractors. Appellants kept their tender good, and renewed it upon the trial in the Circuit Court.

Counsel for appellants contend that the contract between appellants and the builder does not specify the time within which the building should be completed, nor the time when payment should be made, and that therefore, under the present mechanics' lien law of this state there can be no lien, and cite Freeman v. Rinaker, 185 Ill. 172, and Kelly v. Northern Trust Co., 190 Ill. 401. Upon this proposition counsel are foreclosed by a recent decision of the Supreme Court (Keeley Brewing Co. v. Decorating Co., 194 Ill. 580), in which the court holds that the rule laid down in the cases relied on by counsel does not apply to sub-contractors, and says: " A sub-contractor's lien is given by section 22 of the act." "The lien of the sub-contractor being a direct lien, its existence does not depend upon the existence or non-existence of a contractor's lien." " The cases, therefore, relied upon, have no application to the liens of the sub-contractors sought to be enforced in this case."

At the trial of the case in the Circuit Court, testimony of experts was offered to prove that the amount of material charged for by appellees had not been used in the construction of appellants' building, and counsel insist that this fact is established by the evidence, and that therefore the amount decreed by the trial court is too large. As to this position counsel are also concluded by the decision of the Supreme Court above cited and quoted from. Upon this question the court in that case say:

"The claim that some of the materials furnished was for the improvement of other premises, and that some of it was used in making screens, boxes, etc., which were not attached to the real estate, and that there was no sufficient proof of the value thereof, is without force. The proof shows that the materials furnished were all delivered at the place where the improvement was being constructed, for the purpose of being used in such improvement. Section 7 of said act provides that the lien for material shall not be defeated because of lack of proof that the material, after the delivery thereof, actually entered into the construction of the building or improvement, provided it is shown that such material was in fact in good faith delivered at the place where said building or improvement was being constructed, for the purpose of being used in such construction."

The evidence in the case at bar sufficiently establishes the fact that all the material, for which the trial court entered its decree, was in fact in good faith delivered at the place where the building was being constructed, for the purpose of being used in such construction.

Another objection urged against the decree is that the notice served by appellees upon appellants is not sufficiently specific, and that false items were intentionally and fraudulently included in the sum demanded. The notice to be served by a sub-contractor is provided for in section 25 of the act, and the one served in this case meets all the requirements of that section. The fact that by mistake the sum demanded is too large, or that for any reason the sub-contractor is unable to establish by sufficient evidence the full amount of his demand, will not bar him of his right to a lien for the amount justly due him. Section 7 of the act, cited by counsel, has no application to this case.

Kalina v. Steinmeyer.

During the trial a controversy arose as to the value of two doors, for which appellees had charged $2.45 each. Appellants' counsel sought to show that these two doors were worth somewhat less than appellee had charged, and offered to prove their market value, when the court interposed and "closed the incident," with the remark, "Well, you need not go into their value." In this the court erred, but we think, under all the facts of the case, this error is sufficiently diminutive to fall under the rule, *Lex non curat de minimis*, which, Senator Palmer used to say, "being interpreted, means the court will not stop, during a trial, to run after chickens."

A solicitors' fee of $75 was assessed by the court, taxed as part of the costs, and decreed to be paid by appellants. No evidence was heard as to the value of the solicitors' services in the case. Counsel insist that it was error for the court to fix the amount of the solicitors' fee without having "evidence to show what was a reasonable fee for the services rendered." The statute provides:

"Sec. 18. The costs of proceedings as between all the parties to the suit, shall be taxed equitably against the losing parties. * * * In all cases where liens are enforced, a fee of five dollars shall be taxed for filing the claim for lien, and the court shall order a reasonable attorney's fee, not exceeding ten per cent, taxed as a part of the costs, in favor of the claimant, and where the same are defeated in favor of the owner."

After the decree had been rendered and the attorneys' fee assessed, appellants moved the court to re-tax the costs, including the solicitors' fee of $75, and to apportion the same between appellants and appellees. In this motion no objection is made as to the amount of the fee assessed, but only that because appellees had recovered less than their demand and because of the tender of so large part of the demand by appellants, a portion of the costs, including the fee, should be taxed to appellees, and it is not claimed here that the fee is excessive. The claim now is that the court had no authority or power to assess any fee without first hearing evidence.

The Circuit Court did not err in refusing to apportion the costs between appellants and appellees, for the statute provides that the costs shall be taxed against the losing parties, "but equitably as between themselves." "The rule in regard to costs governing in chancery cases does not apply in cases of proceedings under the statute to enforce a mechanic's lien. The matter of costs in those cases is controlled by statute." Kipp v. Massin, 15 Ill. App. 300.

The statute makes the assessment and taxing of an attorney's fee against the losing party in a mechanic's lien proceeding mandatory upon the court, and makes no provision as to the manner of determining the amount, nor as to the amount, except that it shall not exceed ten per cent. Appellants' counsel have not cited us to any authority in support of their position that the court has no authority or power to assess and tax such fee without first hearing evidence. While we know it to be the usual practice of the court to hear evidence in such cases, and think it the better practice, yet we are of opinion that to make such assessment and tax such fee without first hearing evidence, is at most only an irregularity. In Goodwillie v. Millimann, 56 Ill. 524, the court holds that the chancellor, having the requisite skill and knowledge as to what is a fair and reasonable fee, should exercise his own judgment and not be wholly governed by the evidence as to the value of the services rendered. The fee assessed and taxed in the case at bar is within the statutory limit, and it is apparent to us from what the record discloses that the amount is not in excess of what would be a reasonable fee for the services rendered. Where a court has power to act, a judgment or decree will not be reversed for an error which can work no injustice to the party who appeals.

We find no substantial error in this record. The decree of the Circuit Court is affirmed.