Fair Play Development Organization, Appellee, v. Stanislaw Sarmach et al., Appellants.

Gen. No. 34,888.

Opinion filed December 2, 1931.

John J. Wallace and Daniel A. Roberts, for certain appellant.

Maurice L. Zaretsky, for appellee.

Mr. Justice Friend delivered the opinion of the court.

This is a proceeding to foreclose a claim for mechanic's lien instituted by Fair Play Development Organization, an Illinois corporation, on account of labor performed and material furnished to Stanislaw and Rozalya Sarmach, owners of improved property located in Calumet City, Cook county, Illinois.

The contract for the work in question was made with one Max Korman, doing business as the K. & C. Electric Company and by assignment became the property of the Fair Play Development Organization who instituted proceedings as complainant. The Fair Play Development Organization is in the business of buying contractors' mechanic's lien paper and financing building operations.

Sarmach and his wife, the Calumet City State Bank, as trustee, and unknown owners of certain trust deed notes, were made parties to the proceeding. The Sarmachs did not appear and were defaulted. The Calumet City State Bank entered its appearance after service and answered that it was the holder and owner of a first mortgage and prior lien of $4,000 upon the property described in the bill of complaint, and that its lien was created on May 5, 1927. The contract of complainant for the improvement for which a lien is claimed was in writing and entered into on the 13th day of June, 1929. The work appears to have been completed on the 14th day of June and the contract assigned to complainant on June 15, 1929. The amount of the lien claimed is $330, with a credit of $110 to the Sarmachs, leaving a balance of $220.

The decree entered herein finds that complainant is entitled to a lien for $220 and to have the same foreclosed; that the labor and material furnished by the contractor in and about said premises became a permanent improvement upon the same and enhanced the value of the said premises in the sum of $500; that under and by virtue of the terms of a written contract

between the legal title holders and the contractor, complainant was entitled to recover a fair and reasonable fee for the services of a solicitor in the foreclosure of its mechanic's lien, and the decree provided that the sum of $100 should be so paid.

The decree further found that the Fair Play Development Organization, as assignee, had a valid and subsisting lien upon the premises, which was a first and prior lien on the enhanced value of the premises, and that the rights and interest of all other parties in the cause were subordinate, subject and inferior to the complainant's lien; that prior to the execution of the contract the Calumet City State Bank owned and were the legal holders of the trust deed and principal notes dated May 5, 1927, executed by the Sarmachs and delivered to the Calumet City State Bank and given to secure the sum of $4,000; that the mortgage notes were due and unpaid, and that the Calumet City State Bank had a first and prior lien on said premises by virtue of its first mortgage for the sum of $4,000, except for said mechanic's lien of the complainant, which the court held to be a prior and superior lien to that of the bank, as to the enhanced value of the premises.

The decree provided for a sale of the entire premises and for payment to complainant, after costs, master's fees and commissions, of the entire sum due complainant, without reference to the claim of the prior incumbrancer, Calumet City State Bank. It also provided for a deficiency decree on behalf of complainant in the event that the proceeds of the sale were insufficient to satisfy its claim, but no provision was made for the prior incumbrancer. The decree also required the defendants, or some of them, including the Calumet City State Bank, to pay to the complainant the amount of its lien, within three days, and made no distinction between the various defendants. As against the Calumet City State Bank, the decree provided that it pay the

entire sum due complainant, including an attorney's fee, although the bank was never a party to any agreement for attorney's fees.

As grounds for reversal, it is urged (1) that the decree is erroneous in that it subjects the Calumet City State Bank to the payment of the mechanic's lien claim without proper provisions being made for its protection in the event of such payment; (2) that the decree does not find the interest of the defendant bank nor protect the payment of such interest out of the property as it stood prior to the improvement thereon by the complainant; (3) that the decree fails to find the value of the property before improvement and only finds the enhanced value resulting from such improvement; (4) that the decree provides for the sale of the entire premises and in effect makes the prior mortgage claim of the defendant bank subject to the mechanic's lien claim; (5) that the decree includes a nonlienable item of an attorney fee as against the defendant Calumet City State Bank.

The mechanic's lien in the case at bar could only attach to the enhanced value of said premises, and is of course inferior to the lien of the mortgagee to the extent of the value of the premises at the time when the mechanic's lien attached. The court should therefore have required evidence to determine the value of the land at the time the improvement was made, and the enhanced value of the premises after the improvements were completed, as well as the value and extent of the improvement. This would have helped the chancellor in determining the relative merits of the claims, and to decree the relative priorities of the claimants so that a proper sale of the property might be decreed in accordance therewith, and distribution ordered accordingly. The early case of *Grundeis v. Hartwell,* 90 Ill. 324, based upon an earlier provision of the statute which was similar in this respect to the present

section 19 of the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 19, is similar to the case at bar, and in discussing section 17 of the act prior to amendment which is a predecessor of section 19 of the present statute, the court said:

"The court found the value of the building, but did not find the value of the lot, and failed to determine the proportion of the proceeds of the sale to which the parties were entitled, as required by the statute, *supra,* but, instead of pursuing this course, the court decreed a sale of the premises, and that petitioner should be first paid from the proceeds of the sale.

"This was error. The petitioner had a first lien on the building, but a third lien on the lot. As the two mortgages were liens upon the lot before the materials were furnished by petitioners, Ross A. Forrester had a first lien on the lot and a second lien on the building, while Christiana Grundeis, the other mortgagee, had a second lien on the lot and a third lien on the building. The proceeds of the sale ought to have been distributed between the parties according to the priority of the lien of the respective parties upon the building and lot, after the value of each had been ascertained and the proportion determined.

"The statute involved in this case has been before the court before, and the construction given it is uniform. *Croskey v. Northwestern Manufacturing Co.,* 48 Ill. 481.''

By the language of section 19 of the statute, the court is required to ascertain the amount due each lien creditor, and to direct the application of the proceeds of sale in proportion to their several amounts according to the provisions of the act. The decree in the instant case failed to follow this procedure, and is therefore erroneous in this respect.

It also appears that the decree fixing the amount due complainant and creating a lien on said premises for such amount "from the defendants named in said bill

of complaint herein'' required "the said defendants, or some or other of them,'' to pay or cause to be paid to the complainant, or its solicitor of record, on behalf of the lien claimant within three days from the entry of the decree, the sum found to be due complainant. This we believe was likewise erroneous for the following reasons: Defendants to the bill of complaint were the Sarmachs, owners of the fee simple title and the prior incumbrancer, Calumet City State Bank, holder of the first mortgage on said premises. The decree does not find any sum of money due from the Calumet City State Bank to the complainant, but provides that complainant have a lien on said premises for the amount found due from "defendants," without distinguishing which defendant it refers to, and requires "the said defendants," which must be held to include the Calumet City State Bank, "or some or either of them" to pay to complainant within three days, the amount of its lien as fixed by the decree. The effect of the decree in this respect is to reduce the rights and obligations of the mortgagee to an equality with the owners of the fee as against the lien claimant, and places the bank in a position where it must either pay the lien claimant in full, or lose its rights entirely, or look to whatever surplus may be left after the costs of sale, commissions, and other items found to be due, are paid in full.

With reference to the item found by the decree to be due as solicitor's fees for complainant, the record discloses that this fee, amounting to $100, was not claimed to be due under the statute, but rather under the contract entered into between the owner and the lien claimant's predecessor. Obviously, the Calumet City State Bank, who was not a party to the contract, and not obligated under the statute to pay solicitor's fees to complainant's solicitor, should not have been required to pay complainant this item in addition to the amount found due for work and material placed in

the premises as provided by the decree. It was proper for the Sarmachs and Korman, the contractor, to provide for reasonable attorney's fees in the event of default in payment, and such could be recovered by the contractor against the obligor. Such obligation, however, would not create a lien on the premises having priority over the mortgagee, nor subject the latter to an additional burden and require the bank to pay the same. If complainant was entitled to a judgment lien for the item of attorney's fees, such lien would, under the law, be subject to the lien of the mortgage held by the bank. Therefore, to require the mortgagee to pay this item, and by decree to utilize the procedure of the mechanic's lien statute to facilitate the collection of the judgment so procured by subjecting the property to an immediate sale, was erroneous.

It appears from the record that while the exceptions to the master's report were being argued, solicitors for the bank asked leave to file its cross-bill of complaint, praying for foreclosure of its mortgage and other affirmative relief. This motion was continued to a later date, and on November 1, 1930, denied. If this were the only ground urged for reversal of the decree, we should hesitate to accede to the bank's contention, because the motion came rather late in the proceeding, and we are not prepared to say that the court improperly exercised its discretion in denying the motion. However, inasmuch as the decree herein is erroneous in the respects heretofore discussed, we believe it will serve the ends of justice to allow the bank to file its cross-bill and establish its affirmative rights to foreclose the mortgage in question, as to which there appears to be no serious dispute, and thus have the rights of all parties adjudicated in one proceeding.

We accordingly hold that the decree herein should be reversed and remanded with directions to the chancellor to require evidence as to the value of the prop-

erty before and after the improvement, and the value and extent of the improvement; to provide that the Calumet City State Bank, as holder of the mortgage, shall have a first and prior lien upon the proceeds of such sale, to the extent of the value of said premises, prior to the time of the commencement of the making thereon of said improvements for which the lien of the complainant is sought to be enforced herein, and that as to the remainder of said proceeds, the complainant shall share to the extent of its lien; that the master be ordered, out of the proceeds of the said sale, to pay first the costs of the proceeding, including his commissions and the expenses of sale, which are adjudged against the defendants, the Sarmachs, and to distribute the remainder between the parties as heretofore suggested; and that if there is any overplus to pay the same to the Sarmachs, owners of the property.

For the reasons stated, the decree of the circuit court will be reversed and remanded with instructions to proceed further in accordance with the views herein expressed.

*Reversed and remanded with instructions.*

HEBEL, P. J., and WILSON, J., concur.